IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDSEY C. GEMMILL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-22-1954 |
| ROBERT J. RICCIO, JR., | * | |
| Defendant. | * | |

# MEMORANDUM OPINION

Plaintiff Lindsey C. Gemmill ("Plaintiff") filed this lawsuit in state court against Defendant Robert J. Riccio, Jr. ("Defendant"), asserting state law claims arising out of a residential real estate transaction. ECF 3. Riccio removed the case to this Court on the basis of diversity jurisdiction. ECF 2. Two motions are currently pending: Plaintiff's motion to remand the case to state court, ECF 14, and Defendant's motion to dismiss, or, in the alternative, to stay the case and compel mediation, ECF 10. This Court has reviewed the motions and responsive briefing. ECF 15, 22, 23. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Plaintiff's motion to remand will be denied and Defendant's motion will be granted in that the case will be stayed and administratively closed pending mediation.

I. **BACKGROUND**

The following facts are derived from the Complaint, ECF 3. As of the time the Complaint was filed in February, 2022, Plaintiff resided in Worcester County, Maryland.[1] *Id.* ¶ 1. She purchased real property and improvements, located in Ocean City, Maryland, from Defendant in 2021. *Id.* ¶ 3. The parties executed a "Maryland Residential Property Disclosure and Disclaimer Statement" in connection with the sale, which provided, in relevant part, that any dispute would proceed to mediation through Maryland REALTORS® before a lawsuit could be heard in Court. *Id.* ¶ 3; Ex. A ¶ 35.

After closing on the property, Plaintiff discovered a number of serious defects that Defendant did not disclose, and in fact concealed, during the purchasing process. ECF 3 ¶¶ 7, 9, 11–13. She filed the instant lawsuit and attempted to serve Defendant at his last known Maryland address. ECF 6 ¶ 2. Research revealed an address in Florida along with a number of Maryland addresses associated with Defendant. *Id.* ¶ 3–4; Exh. B. In Defendant's notice of removal to this Court, he asserts a domicile in Florida and Plaintiff's domicile in Maryland. ECF 2 ¶¶ 8, 9. Plaintiff, in her motion for remand, now also asserts a domicile in Florida. ECF 14-1 at 7.

II. **MOTION FOR REMAND**

In considering a motion for remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co, Inc.*, 29 F.3d 148, 151 (4th Cir.1994) ("If federal jurisdiction is doubtful, a

---

[1] Plaintiff's Complaint also alleges that Defendant resides in Worcester County, Maryland. ECF 3 ¶ 2. During the service process, however, Plaintiff learned that Defendant has a Florida address, in addition to the addresses he is associated with in Maryland.

remand is necessary."). The high standard demonstrates the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson*, 950 F. Supp. at 701–02.

Here, because Defendant removed the case based on diversity jurisdiction, the question is whether complete diversity of citizenship exists. In her remand motion, Plaintiff appears to accept that Defendant is domiciled in Florida, but argues that she too is domiciled in Florida, which would defeat diversity. ECF 14 at 7.

State citizenship "depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (citation omitted). Domicile "requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Jahed v. Acri*, 468 F.3d 230, 236 (4th Cir. 2006); *Webb v. Nolan*, 484 F.2d 1049, 1051 (4th Cir. 1973)).

Plaintiff bears the burden to establish her own domicile. *See U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (under a factual challenge, "the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence"). Courts consider various factors to assess whether a party has established a state as her domicile, including the party's "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts ... place of employment or business; driver's license and other automobile registration; and payment of taxes." *Niell v. Salisbury School, Inc.*, Civil Action No. 11-3627, 2012 WL 34021, at *4 (D. Md. Jan. 5, 2012) (quoting *Garcia Perez v. Santaella*, 264 F.3d 348, 351 (1st Cir. 2004) (internal quotation marks omitted)); *see also* Wright & Miller, Fed. Prac. & Proc. § 3612. While not conclusive, "declarations of intent by the person whose domicile is in question are given heavy ... weight." *Thomas v. Farmer*, 148 F. Supp. 2d 593, 596

(D. Md. 2001) (quoting *Hamilton v. Accu-Trek*, 13 F. Supp. 2d 366, 370 (E.D.N.Y. 1998)) (internal quotation marks omitted).  When such statements of intention "conflict with the facts," however, they should be "entitled to little weight."  *Webb v. Nolan*, 361 F. Supp. 418, 421 (M.D.N.C. 1972), aff'd per curiam, 484 F.2d 1049 (4th Cir. 1973), cert. denied, 415 U.S. 903 (1974).

Here, Plaintiff has offered an affidavit asserting her physical residence in Florida and asserting an intent to reside there.  *See* ECF 14-8.  Plaintiff attests that she has lived in Florida since December, 2021, despite specifically asserting in her February, 2022 complaint that she resides in Maryland.  *Compare id.* ¶ 2 *with* ECF 3 ¶ 1.  Though Plaintiff now alleges an intent to make Florida her home state, Defendant has adduced evidence that Plaintiff continues to own property in Maryland, is registered to vote in local, state, and federal elections in Maryland, and has a Maryland driver's license but no Florida driver's license.  ECF 22-1 at 6; *see, e.g.*, *Ward v. Walker*, 725 F. Supp. 2d 506, 510 (D. Md. 2010) (determining that a party was domiciled in Florida because the record showed he maintained a Florida residence, had a Florida driver license, paid Florida taxes, and spent more than six months of the year in the state).  In response, Plaintiff has not provided any evidence about where she works, where she banks, or any other factors to corroborate her domicile in Florida.  While far from a clear question, on the record before me, and given Plaintiff's inconsistent assertions regarding her state of residence, I do not find that she has met her burden to prove a Florida domicile.  Her motion for remand will therefore be denied.

### III. MOTION TO DISMISS OR TO COMPEL MEDIATION AND STAY PROCEEDINGS

Defendant has moved to dismiss this case, citing the clause in the parties' real estate contract requiring the parties to mediate their disputes before filing a lawsuit.  ECF 3, Exh. A ¶ 35.  Plaintiff's response does not challenge the enforceability of the mediation clause, but simply suggests that "the fair and equitable way forward would be to merely stay the case for a limited

period of time." ECF 15-1 at 6. This Court agrees and will stay this case pending mediation using Maryland REALTORS®. This Court will administratively close this case pending the parties' completion of the required mediation, but if the mediation is unsuccessful, Plaintiff can file a motion to reopen this case in this Court.

## IV. CONCLUSION

For the reasons set forth above, (1) Plaintiff's Motion to Remand, ECF 14, is DENIED and (2) Defendant's Motion to Dismiss or in the Alternative to Compel Mediation and Stay Proceedings, ECF 10, is GRANTED as to the alternative request to compel mediation. This case will be stayed and administratively closed. A separate Order follows.

Dated: October 3, 2022                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge

period of time." ECF 15-1 at 6. This Court agrees and will stay this case pending mediation using Maryland REALTORS®. This Court will administratively close this case pending the parties' completion of the required mediation, but if the mediation is unsuccessful, Plaintiff can file a motion to reopen this case in this Court.

## IV. CONCLUSION

For the reasons set forth above, (1) Plaintiff's Motion to Remand, ECF 14, is DENIED and (2) Defendant's Motion to Dismiss or in the Alternative to Compel Mediation and Stay Proceedings, ECF 10, is GRANTED as to the alternative request to compel mediation. This case will be stayed and administratively closed. A separate Order follows.

Dated: October 3, 2022                          /s/
                                          Stephanie A. Gallagher
                                          United States District Judge